**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JACOB HARDIN,                                                                                                   PLAINTIFF
ADC #141231

V.                                             NO: 4:11-cv-00542-JLH-JJV

TERRY BAILEY, Jail Administrator,
Pope County Detention Center, *et al*.                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.       Introduction/Facts**

Plaintiff, Jacob Hardin, is an inmate at the Johnson County Detention Center (Jail). He filed this *pro se* action against Defendants pursuant to 42 U.S.C. § 1983, alleging harassment and failure to process grievances. Plaintiff seeks damages from Defendants for mental stress and anguish.

After carefully reviewing the documents submitted by Plaintiff, the Court concludes Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

**II.      Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.   Analysis**

Title 42 U.S.C. § 1983 was enacted to allow plaintiffs to enforce constitutional rights against defendants who have violated their rights while acting under color of state law. *Griffin-El v. MCI Telecommunications Corp.*, 835 F.Supp. 1114, 1118 (E.D. Mo. 1993). The law reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

In his Complaint, Plaintiff alleges that an altercation occurred at the Jail on June 12, 2011, involving two inmates, Jacob Evans and Jermaine Swopes. Plaintiff listed these two inmates as Plaintiffs on his Complaint form, but it appears he intends they are to be witnesses to his claim.

Plaintiff states that Defendant Strevall tried to falsely blame him for the altercation, despite Evans, Swopes, and other inmates admitting otherwise. Plaintiff also states that Defendant Bailey failed to respond to his grievances, and that Defendants Cook and Meyers harassed him and tried to bribe him to assault other inmates. Plaintiff says Defendants are harassing him and retaliating against him. (Doc. No. 2 at 5-6.)

After carefully reviewing Plaintiff's Complaint, the Court finds that Plaintiff's allegations fail to state a claim upon which relief may be granted. Defendants are alleged to have unsuccessfully attempted to falsely blame Plaintiff for a fight and attempted to bribe Plaintiff to engage in other altercations. These unsuccessful attempts simply do not raise a viable § 1983 constitutional claim. If, in retaliation for filing grievances against jailers, Defendants actually filed false disciplinary charges against Plaintiff, he might have a viable claim. However, Plaintiff does not allege that he received any disciplinary sanctions at all. Such conduct, albeit disturbing, does not implicate Plaintiff's constitutional rights and is therefore not actionable under § 1983. Additionally, verbal harassment does not state a constitutional claim for relief. *See King v. Olmsted County*, 117 F.3d 1065, 1067 (8th Cir. 1997).

Finally, a claim that an officer did not process grievances or respond to grievances also does not state a constitutional claim. A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quoting *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)).

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED for failure to state a claim.

2. This dismissal constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 25th day of August, 2011.

                                                                    _____
                                                                    JOE J. VOLPE
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.